NOT DESIGNATED FOR PUBLICATION

Nos. 118,926
118,927
118,928
119,006

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MILES D. MCGUIRE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed March 1, 2019. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., ATCHESON, J., and BURGESS, S.J.

PER CURIAM:  After revoking an offender's probation, the district court can order the offender to serve his or her underlying sentence or any lesser sentence. K.S.A. 2017 Supp. 22-3716(c)(9)(B) incorporating the provisions of K.S.A. 2017 Supp. 22-3716(c)(1)(E). When the district court revoked Miles D. McGuire's probation, it reduced his prison sentence from 165 months to 149 months. McGuire argues that the district court abused its discretion in not reducing his sentence even lower to 51 months.

1

McGuire asserts that his crimes stem from his drug addiction and that community-based drug treatment will be better for him and society than a long term of imprisonment. However, the district court gave McGuire a chance to seek drug treatment while on probation. McGuire failed to do so and violated several of the terms of his probation. The district court did not abuse its discretion in refusing to reduce McGuire's sentence to 51 months when McGuire gave the district court no reason to believe that he could be a law-abiding citizen. Accordingly, we affirm.

FACTUAL AND PROCEDURAL HISTORY

McGuire pled guilty to crimes in four cases: possession of methamphetamine and possession of drug paraphernalia in 16 CR 2471; possession of methamphetamine and criminal possession of a weapon in 16 CR 1402; fleeing or attempting to elude an officer and criminal possession of a weapon in 17 CR 824; and possession of methamphetamine in 17 CR 1493.

The district court sentenced McGuire for all of the cases on the same date. McGuire's criminal history score was A. The primary crimes in all four of McGuire's cases carried presumptive prison sentences. The district court imposed the highest presumptive prison sentences for McGuire's crimes and ordered the sentences for each of the crimes to run consecutively, leaving McGuire with an underlying term of imprisonment of 165 months. However, the district court granted McGuire a dispositional departure to probation pursuant to the agreement of the parties.

Approximately one month after sentencing, the State alleged that McGuire violated the terms of his probation. The State asserted that McGuire tested positive for methamphetamines/amphetamines, failed to obtain employment, failed to report to his case services officer, failed to enter drug treatment, failed to complete community service work, failed to stay on house arrest, allowed his electronic monitoring device battery to

2

die, and violated his curfew. At a probation violation hearing, McGuire admitted to all of the allegations. The district court revoked McGuire's probation and ordered him to serve the underlying prison sentence. McGuire asked the court to run the sentences for his cases concurrently, reducing his sentence to 51 months. The district court did reduce the sentence, but only down to 149 months' imprisonment.

McGuire appealed.

ANALYSIS

McGuire argues that the district court erred by not reducing his sentence to the degree that he requested.

Generally, the district court must impose intermediate sanctions on persons who violate the terms of their probation before the court is permitted to revoke the probation. K.S.A. 2017 Supp. 22-3716(b)(3), (c)(1). However, if a person is on probation by virtue of a dispositional departure, the district court can bypass the intermediate sanctions and revoke probation upon the first violation. K.S.A. 2017 Supp. 22-3716(c)(9)(B). After revoking probation, the district court may order the "violator to serve the sentence imposed, or any lesser sentence . . . ." K.S.A. 2017 Supp. 22-3716(c)(1)(E). Whether the district court chooses to impose a lesser sentence is a discretionary decision. *State v. Reeves*, 54 Kan. App. 2d 644, 648, 403 P.3d 655 (2017), *rev. denied* 307 Kan. 992 (2018). This court reviews such a decision for abuse of discretion. A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) it is based on an error of law; or (3) it is based on an error of fact. 54 Kan. App. 2d at 648.

Here, McGuire was sentenced on September 26, 2017. His first violation occurred less than a month later, on October 19, 2017, with a positive drug test result. By October

3

26, he had stopped reporting to his case services officer and failed to comply with any requirements of his probation. The district court noted this fact and that McGuire could not even comply with the most basic requirements of probation even when facing significant jail time. This gave the district judge little hope that McGuire would ever be able to successfully complete probation and led the judge to believe McGuire was a "danger to everyone else out on the street."

In spite of these findings, the district court did reduce McGuire's sentence, but McGuire argues that the district court erred by not reducing his sentence enough. He believes that his problems stem from his drug addiction. He asserts that a shorter sentence would "allow him to get treatment in the community sooner, and would prevent limited prison space from being occupied by someone whose crimes stem from being drug addicted."

The problem with McGuire's argument is that he treats imprisonment and drug treatment as mutually exclusive, suggesting that he cannot get drug treatment if he is in prison. However, nothing in the record indicates that McGuire cannot obtain treatment while in prison. If anything, the record demonstrates that prison will remove McGuire from the environment which encouraged his drug use. At sentencing, McGuire's attorney informed the court that McGuire is surrounded by people who use drugs—his father drinks alcohol, his mother and spouse use methamphetamine, and two of his brothers use methamphetamine, marijuana, and alcohol. When McGuire was released into this environment on probation, he returned to using methamphetamine and violated many of the terms of his probation. McGuire's behavior provides support for the conclusion that the district court did not abuse its discretion when it denied McGuire's request for further reduction of his sentence.

McGuire also argues that the lesser sentence "would be a better use of the State's financial resources and limited prison space." Similarly, he suggests that it is not good

4

policy to imprison him and "add[] another nonviolent offender to an already overcrowded prison system." It is the Legislature's job to make policy decisions, and it is this court's job to determine whether the policies "are within the parameters of the Constitution." *State v. Cheeks*, 298 Kan. 1, 11, 310 P.3d 346 (2013). McGuire does not challenge the constitutionality of prison sentences for drug offenders. It would be inappropriate for this court to substitute its judgment for that of the Legislature.

The district court considered the circumstances of McGuire's life when it gave him a chance to succeed on probation instead of ordering him to serve the presumptive prison sentence. McGuire did not take advantage of that opportunity. The district court acted within its discretion to revoke McGuire's probation after his violations were established. A reasonable person could agree with the district court's decision not to reduce McGuire's sentence to the degree requested because McGuire has made no showing that community-based drug treatment is necessary or that he would take advantage of it. Accordingly, the district court did not abuse its discretion.

Affirmed.